129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert MEEKER, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware
Corporation, Defendant-Appellee.
 No. 96-35577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the District of Montana. Jack D. Shanstrom, District Judge, Presiding.
 Before: WRIGHT, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Meeker (Meeker) appeals the district court's grant of summary judgment for Burlington Northern Railroad (Burlington). Meeker claims there was a genuine issue of material fact whether the parties executed the Federal Employer's Liability Act (FELA) release under mutual mistake regarding both the nature and extent of his injuries and the nature of the smoke he inhaled in the accident.
 
 
 3
 A FELA release may be invalidated when both parties execute it under a mutual mistake regarding the nature and extent of an injury. See Graham v. Atchison, T. & S.F. Ry. Co., 176 F.2d 819, 825 (9th Cir.1949); Great Northern v. Fowler, 136 F. 118, 122 (9th Cir.1905). A mistake as to the future duration or effects of an injury "form[s] no basis for the avoidance" of a release, Fowler, 136 F. at 122, but a mistake as to the nature or seriousness of an injury may. Graham, 176 F.2d at 825.
 
 
 4
 Meeker's allegations of newly discovered brain damage involve more than a mistake as to the prognosis or effect of a known injury. When Meeker signed the release, it may be on these facts that he did not know that he was suffering from such a condition. Therefore, Meeker's allegations of serious brain injuries raise a genuine issue of material fact, i.e., whether the parties executed the release under mutual mistake as to the nature and extent of his injuries. The issue presents a factual determination for the trier of fact. Id. at 826. Accordingly, we reverse the district court's order of summary judgment on the injury issue.
 
 
 5
 We affirm the district court's order of summary judgment on the issue of mutual mistake regarding the nature of the smoke Meeker inhaled. It is the nature of the smoke that caused the injury. Therefore, the smoke claim is subsumed by the injury claim.
 
 
 6
 Costs of this appeal are awarded to Appellant Meeker.
 
 
 7
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3